## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROSETTA HELMS, as Independent Administrator of the Estate of EARLENE TAYLOR, Deceased, <br><br> Plaintiff, <br><br> vs. <br><br> ATRIUM HEALTH CARE & REHABILITATION CENTER OF CAHOKIA, LLC, et al., <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL NO. 10-547-GPM<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### I. INTRODUCTION

This matter is before the Court on a motion to dismiss and to substitute a party (Doc. 4) and a motion to dismiss for lack of subject matter jurisdiction (Doc. 8), both brought by Defendants Bassam Albarcha, M.D., and Windsor Health Center ("Windsor"), as well as on a motion for remand of this case to state court (Doc. 14) brought by Plaintiff Rosetta Helms. Helms sues on behalf of Earlene Taylor for alleged medical malpractice. Named as Defendants in addition to Atrium Health Care & Rehabilitation Center of Cahokia, LLC ("Atrium"), Albarcha, and Windsor are: River Bluffs Health Care and Rehabilitation Center of Cahokia ("River Bluffs"); Kenneth Hall Regional Hospital, Inc. ("Kenneth Hall"); Touchette Regional Hospital, Inc. ("Touchette"), d/b/a Kenneth Hall Regional Hospital; Jennifer L. Simpson, LPN; Susan A. Brown, LPN; Kimberly L. Fowler, LPN; Natasha S. Turner, LPN; La Norris T. Yates, RN; Ruth A. Luckett, LPN;

Southern Illinois Health Care Access, Inc. ("SI Health"), d/b/a Kenneth Hall Regional Hospital; Home Pharmacy Services, LLC ("Home Pharmacy"); Omnicare, Inc. ("Omnicare"); Benedicta Umoru, M.D.; Kenneth Hall Medical Group ("Kenneth Hall MG"); Southern Illinois Regional Wellness Center ("SI Regional"); Medicate Pharmacy, Inc. ("Medicate"); and Southern Illinois Medical Specialists ("SI Medical").   It appears from the record of this case that on November 16, 2007, Taylor, Helms's decedent, was admitted to Kenneth Hall, a hospital in East St. Louis, Illinois, due to pulmonary complaints.  At Kenneth Hall Taylor was placed under the treatment of, inter alia, Dr. Albarcha, an employee of Windsor.  Over the course of five days at Kenneth Hall Taylor was given daily doses of sulfonamides, to which she was allergic. On November 20, 2007, Taylor suffered a severe allergic reaction to the sulfonamides that had been administered to her; she died four days later.

This case was filed originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, and comes to this Court on removal:  Albarcha and Windsor assert that they are federal employees within the meaning of the Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub. L. No. 100-694, 102 Stat. 4563 (1988), better known as the Westfall Act, 28 U.S.C. § 2679, as well as the Federally Supported Health Centers Assistance Act of 1995 ("FSHCAA"),  Pub. L. No. 104-73, 109 Stat. 777 (1995).  Albarcha and Windsor now ask the Court to dismiss them from the case and substitute in their place as a party Defendant the United States of America.  Additionally, Albarcha and Windsor ask that, if the government is joined as a party to this case, that Helms's claims against the government be dismissed for lack of subject matter jurisdiction by reason of Helms's failure to exhaust administrative remedies against the government before filing this suit.  In turn, Helms requests that, if the government is substituted for

Albarcha and Windsor and dismissed from the case, the Court remand to state court Helms's remaining claims against Atrium, River Bluffs, Kenneth Hall, Touchette, Simpson, Brown, Fowler, Turner, Yates, Luckett, SI Health, Home Pharmacy, Omnicare, Umoru, Kenneth Hall MG, SI Regional, Medicate, and SI Medical.   The motion to dismiss Albarcha and Windsor and to substitute the government as a Defendant in their stead, the motion to dismiss the government for lack of subject matter jurisdiction, and the motion to remand have been fully briefed, and the Court rules as follows.

## II. ANALYSIS

### A.   Motion to Dismiss Albarcha and Windsor and to Substitute the Government as a Party Defendant

The Court turns first to the motion brought by Albarcha and Windsor for dismissal from this case and for substitution of the government as a party Defendant in their stead.   Generally speaking, the Westfall Act amends the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, in order to grant federal employees absolute immunity from common-law tort claims arising out of acts undertaken in the course of their employment.   *See* 28 U.S.C. § 2679(b)(1); *Alexander v. Mount Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 891 (7th Cir. 2007); *Taboas v. Mlynczak*, 149 F.3d 576, 579 n.1 (7th Cir. 1998); *Ezekiel v. Michel*, 66 F.3d 894, 897 & n.5 (7th Cir. 1995).   When a federal employee is sued, the Westfall Act empowers the Attorney General of the United States to certify, if appropriate, that the employee was acting within the scope of his or her employment at the time of the incident in question.   *See* 28 U.S.C. § 2679(d)(1), (d)(2).   A United States Attorney is permitted to issue such certification in lieu of the Attorney General.   *See* 28 C.F.R. § 15.3.   If a federal employee sued for negligence is certified as acting within the scope of his or her employment

at the time of the incident giving rise to the case, the employee is dismissed from the action and the government is substituted as the defendant in place of the employee. *See* 28 U.S.C. § 2679(d)(1). "Employees" for purposes of the Westfall Act include federally funded health centers and their employees. *See Jacobs v. Castillo*, 612 F. Supp. 2d 369, 372 (S.D.N.Y. 2009) (citing *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80 (2d Cir. 2005)). Once the government is substituted for the employee, the tort claim against the government is controlled by the FTCA. *See Alexander*, 484 F.3d at 891. Claims against non-federal parties are within a court's supplemental jurisdiction. *See* 28 U.S.C. § 1367.[1] Cases within the scope of the Westfall Act that are filed in state court are subject to removal to federal court. *See* 28 U.S.C. § 2679(d)(2). The "certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." *Id*.

Like the Westfall Act, the FSHCAA extends FTCA coverage to certain public health centers that receive federal funding pursuant to 42 U.S.C. § 254b, by authorizing the United States Department of Health and Human Services ("HHS") to "deem" such centers and their employees to be federal employees in the service of the United States Public Health Service. *See* 42 U.S.C.

---

1.    As a practical matter, of course, there is no substantive difference in the law governing FTCA claims, on the one hand, and negligence claims against non-governmental parties, on the other. This is because "[t]he FTCA does not create a substantive cause of action against the Government and instead furnishes a procedural remedy whereby the Government can be held liable in tort under the law of the place where the tortious conduct occurred." *Morisch v. United States*, Civil No. 07-145-GPM, 2009 WL 3349541, at *1 (S.D. Ill. Oct. 15, 2009). "Under the FTCA, the United States has agreed to be liable in tort 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Dulaney v. United States*, 472 F. Supp. 2d 1085, 1087 (S.D. Ill. 2006) (quoting 28 U.S.C. § 1346(b)(1)) (internal citation omitted). "It has long been understood that the 'law of the place' is the law of the State where the conduct occurred, and thus, as a matter of federal law, state law supplies the rule of decision in FTCA cases." *Id*.

§ 233(g)-(n).  The statute sets out a number of conditions that must be satisfied in order for a public health center to be deemed a federal employee:

> The Secretary [of HHS] may not approve an application under subsection (g)(1)(D) of this section unless the Secretary determines that the entity –
> (1) has implemented appropriate policies and procedures to reduce the risk of malpractice and the risk of lawsuits arising out of any health or health-related functions performed by the entity;
> (2) has reviewed and verified the professional credentials, references, claims history, fitness, professional review organization findings, and license status of its physicians and other licensed or certified health care practitioners, and, where necessary, has obtained the permission from these individuals to gain access to this information;
> (3) has no history of claims having been filed against the United States as a result of the application of this section to the entity or its officers, employees, or contractors as provided for under this section, or, if such a history exists, has fully cooperated with the Attorney General in defending against any such claims and either has taken, or will take, any necessary corrective steps to assure against such claims in the future; and
> (4) will fully cooperate with the Attorney General in providing information relating to an estimate described under subsection (k) of this section.

42 U.S.C. § 233(h).  Assuming that all of the conditions set out above are met, a public health center and its employees and contractors are deemed to be federal employees with the power to remove from state court to federal court suits brought against them for alleged negligence while acting within the scope of their employment .  *See* 42 U.S.C. § 233(c), (g).  Following such a removal of a case by a federal employee, the employee is dismissed from the case, the government is substituted as a defendant in the employee's stead, and the case proceeds under the FTCA.  *See Alexander*, 484 F.3d at 891.

In this instance the parties do not dispute that Albarcha and Windsor are federal employees within the meaning of both the Westfall Act and the FSHCAA, and the government has furnished conclusive evidence that Windsor is a federally funded public health center of which Albarcha is an

employee.  *See* Doc. 8-1 (Affidavit of Lisa Datta) and Exhibit 1 thereto (documentation that Windsor, Albarcha's employer, is an approved delivery site of Southern Illinois Healthcare Foundation, Inc., a federal employee for purposes of medical malpractice coverage under the FSHCAA).  Accordingly, both Albarcha and Windsor must be dismissed from this case and the government must be substituted for them as a party Defendant.

### B.    Motion to Dismiss the Government as a Party Defendant for Lack of Jurisdiction

The Court turns next to the issue of whether Helms's FTCA claim against the government must be dismissed for failure to exhaust administrative remedies.  The government is immune from suit unless it consents to be sued.  *See Hercules Inc. v. United States*, 516 U.S. 417, 422 (1996); *Parrott v. United States*, 536 F.3d 629, 634 (7th Cir. 2008).  Additionally, any waiver of sovereign immunity must be strictly construed.  *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979); *Quilico v. Kaplan*, 749 F.2d 480, 483 (7th Cir. 1984).  The FTCA is a congressional waiver of the government's sovereign immunity and a plaintiff must comply strictly with the statute's requirements as a prerequisite to bringing suit.  *See Charlton v. United States*, 743 F.2d 557, 558 (7th Cir. 1984) (citing *Erxleben v. United States*, 668 F.2d 268 (7th Cir. 1981)) ("The [FTCA] is a congressional waiver of sovereign immunity, and a plaintiff's failure to comply with the requirements of the Act leaves the plaintiff with no forum for his or her claim.").  Among the statutory requirements for bringing suit is, of course, exhaustion of administrative remedies.  The FTCA provides, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have

first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).  *See also* 28 C.F.R. § 14.2 (setting out further specification as to the filing of a proper administrative claim under the FTCA).  The purpose of Congress in enacting the FTCA was to "ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." S. Rep. No. 89-1327, at 1 (1966), *as reprinted in* 1966 U.S.C.C.A.N. 2515, 2516.  Correspondingly, the filing of an administrative claim is an absolute prerequisite to bringing suit against the government, and a claim that fails to comply with the statutory requirements must be dismissed.  *See Hoosier Bancorp of Ind., Inc. v. Rasmussen*, 90 F.3d 180, 183 (7th Cir. 1996) ("For common-law tort actions resulting from the acts or omissions of federal employees . . . the law requires one to exhaust all administrative remedies prior to filing suit in federal court."); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972) ("The filing of an administrative claim is an absolute prerequisite to maintaining a civil action against the government for damages arising from a tortious occurrence due to the negligence of a federal employee."), *abrogated on other grounds by Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990).[2]

---

2.   The Court notes that the motion for dismissal of Helms's FTCA claim against the government speaks of the statutory requirement of exhaustion of administrative remedies as affecting the Court's subject matter jurisdiction.  It is true that in some decisions the United States Court of Appeals for the Seventh Circuit speaks of the exhaustion requirement as jurisdictional.  *See, e.g., Deloria v. Veterans Admin.*, 927 F.2d 1009, 1011 (7th Cir. 1991).  However, in at least one decision, though admittedly in dictum, the Seventh Circuit Court of Appeals has suggested that the exhaustion requirement, though a prerequisite to suit, does not implicate federal jurisdiction.  *See Palay v. United States*, 349 F.3d 418, 424-25 (7th Cir. 2003).  It is unnecessary for the Court to decide whether the exhaustion requirement is jurisdictional or not.

It appears from the record that, before filing an amended complaint in state court joining Albarcha and Windsor, both, as discussed, federal employees, as Defendants in this case, Helms filed a claim in compliance with the FTCA. However, the claim had not been denied at the time Albarcha and Windsor were made parties to this case, so that the suit against the federal employees was premature. In *McNeil v. United States*, 508 U.S. 106 (1993), the Court held that when a suit under the FTCA is prematurely filed before denial of an administrative claim, the complaint must be dismissed for failure to exhaust administrative remedies prior to filing suit. The Court noted the statutory requirement that an FTCA "action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail[.]" *Id*. at 111 (quoting 28 U.S.C. § 2675(a)). The Court said, "The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *Id*. at 112. The Court observed further that "[e]very premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions." *Id*. (footnote omitted). "Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command." *Id*. The Court concluded that, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Id*. at 113 (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). The holding of *McNeil* is clear: an FTCA suit filed before the plaintiff has exhausted all of the administrative remedies available to him or her cannot be maintained. As even

Helms's counsel concedes, because Helms filed suit before exhausting her administrative remedies against the government, her claim against the government must be dismissed. Nevertheless, "[d]ismissal for failure to exhaust is without prejudice and so does not bar the reinstatement of the suit unless it is too late to exhaust." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). Because it is not clear to the Court whether Helms is barred from pursuing an administrative remedy as to her FTCA claim, the Court will dismiss her claim against the government without prejudice.

### C.    Motion to Remand

As a last matter the Court addresses the issue of whether to remand to state court Helms's remaining claims against Atrium, River Bluffs, Kenneth Hall, Touchette, Simpson, Brown, Fowler, Turner, Yates, Luckett, SI Health, Home Pharmacy, Omnicare, Umoru, Kenneth Hall MG, SI Regional, Medicate, and SI Medical. These are state-law claims, as already has been discussed, and they are not within the Court's subject matter jurisdiction based upon diversity of citizenship. *See* 28 U.S.C. § 1332. The Supreme Court of the United States has concluded that after dismissing a claim removed from state court under the Westfall Act, a federal court has discretion, consistent with Article III of the Constitution, to retain jurisdiction over any remaining state-law claims or to remand such claims to state court. *See Osborn v. Haley*, 549 U.S. 225, 245 (2007) (stating, in a case removed under the Westfall Act, that "when [the] federal character of [a] removed case is eliminated while the case is *sub judice*, [the] court has discretion to retain jurisdiction, to remand, or to dismiss[.]"). At this point in the case, the entire basis for the Court's jurisdiction is 28 U.S.C. § 1367. That statute provides, in relevant part, that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other

claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Although Section 1367(a) authorizes federal courts to exercise supplemental jurisdiction over state-law claims, the statute does not require them to do so and instead supplemental jurisdiction is "a doctrine of discretion, not of plaintiff's right[.]" *City of Chicago v. International Coll. of Surgeons*, 522 U.S. 156, 172 (1997). *See also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims.").

Consistent with the principle that the exercise of supplemental jurisdiction is committed to a court's discretion, 28 U.S.C. § 1367 enumerates a number of situations in which a federal court may decline to exercise supplemental jurisdiction, including that in which the court "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). In deciding whether to decline jurisdiction over state-law claims when no claims that are within original federal jurisdiction remain pending in a case, a district court should consider judicial economy, convenience, fairness, and comity. *See Hansen v. Board of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 608 (7th Cir. 2008); *Horwitz v. Board of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 617 (7th Cir. 2001); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Indeed, when a district court dismisses all federal claims before trial, the usual and preferred course is to remand the state claims to the state court unless there are countervailing considerations. *See Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007) (citing *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d

1176, 1181-82 (7th Cir. 1993)) (noting "the sensible presumption that if the federal claims drop out *before trial*, the district court should relinquish jurisdiction over the state-law claims.") (emphasis in original); *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1043 (7th Cir. 1998) ("[W]hen the district court dismisses all federal claims before trial, the usual and preferred course is to remand the state claims to the state court unless there are countervailing considerations.").

The countervailing considerations that may weigh in favor of retaining jurisdiction over pendent state-law claims following dismissal of all federal claims before trial are essentially these: whether the statute of limitations would bar the refiling of the supplemental claims in state court; whether substantial federal judicial resources have already been expended on the resolution of the supplemental claims; and whether it is obvious how the claims should be decided. *See Sharp Elecs. Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 514-15 (7th Cir. 2009); *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008); *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007). Here none of these considerations favor the retention of jurisdiction. Helms's claims against Atrium, River Bluffs, Kenneth Hall, Touchette, Simpson, Brown, Fowler, Turner, Yates, Luckett, SI Health, Home Pharmacy, Omnicare, Umoru, Kenneth Hall MG, SI Regional, Medicate, and SI Medical will not be time-barred if the Court declines to exercise jurisdiction over them, and instead those claims will simply return to state court where they were filed and proceed in that court. The Court has not devoted substantial resources to this case. Finally, it is not obvious to the Court how Helms's remaining state-law claims ought to be decided. Having considered the factors of judicial economy, convenience, fairness, and comity in light of the general presumption that district courts should relinquish supplemental jurisdiction upon dismissal of those claims bestowing original jurisdiction, the Court will remand Helms's claims against Atrium, River Bluffs, Kenneth Hall, Touchette,

Simpson, Brown, Fowler, Turner, Yates, Luckett, SI Health, Home Pharmacy, Omnicare, Umoru, Kenneth Hall MG, SI Regional, Medicate, and SI Medical to state court. *See Contreras v. Suncast Corp.*, 237 F.3d 756, 766 (7th Cir. 2001) (quoting *Disher v. Information Res., Inc.*, 873 F.2d 136, 140 (7th Cir. 1989)) ("A decision to relinquish pendent jurisdiction before the federal claims have been tried is . . . the norm, not the exception, and such a decision will be reversed only in extraordinary circumstances.").

### III. Conclusion

The motion to dismiss and to substitute a party (Doc. 4) and the motion to dismiss for lack of subject matter jurisdiction (Doc. 8) brought by Albarcha and Windsor and the motion for remand of this case to state court (Doc. 14) brought by Helms are **GRANTED**. The government is **SUBSTITUTED** as a Defendant in place of Albarcha and Windsor, and all claims against Albarcha and Windsor are **DISMISSED with prejudice**. Helms's claim against the government under the FTCA is **DISMISSED without prejudice** for failure to exhaust administrative remedies. Helms's remaining claims against Atrium, River Bluffs, Kenneth Hall, Touchette, Simpson, Brown, Fowler, Turner, Yates, Luckett, SI Health, Home Pharmacy, Omnicare, Umoru, Kenneth Hall MG, SI Regional, Medicate, and SI Medical are **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois. The Clerk of Court is directed to mail a copy of this Order to the clerk of the state court and to close the file of this case.

**IT IS SO ORDERED.**

DATED:  October 5, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge